I respectfully dissent from the majority's decision. The majority finds that the arbitrator had authority to proceed to implement a modification based on the stipulation submitted by the parties. In the Ohio Office of Collective Bargaining case, supra, the Ohio Supreme Court addressed a similar issue. In that case, the parties stipulated that the issue for the second phase of their bifurcated hearing was whether there was just cause for dismissal. Id. at 184. The Ohio Supreme Court found that the arbitrator exceeded his authority, under the collective bargaining unit, even though the parties stipulated to the arbitrator's excess authority because the stipulation exceeded the express terms of the collective bargaining agreement. Id. The Ohio Supreme Court concluded that "[t]his result would run contrary to the requirement that an arbitrator's award may only be legitimate when it draws its essence from the collective bargaining agreement." Id. Based on the above case, even though the parties stipulated that the arbitrator could fashion a remedy if he determined Robert Fauris' discharge was not for just cause, I believe this stipulation violated the terms of the collective bargaining agreement. The collective bargaining agreement only gave the arbitrator the authority to "recommend" modification of discipline. As such, I find the trial court did not abuse its discretion when it reversed the arbitrator's decision pursuant to R.C. 2711.10(D). I would overrule appellants' First Assignment of Error. I would also overrule appellants' Second Assignment of Error on the basis that appellants have failed to establish that they were prejudiced by the trial court's conduct.